```
 1  THOMPSON LAW OFFICE, LLC                          FILED
    Colin M. Thompson, Esq.                           Clerk
 2  2nd Floor, J.E. Tenorio Bldg.                     District Court
    PMB 917 Box 10001
 3  Saipan, MP 96950                                  DEC 21 2012
    Telephone No.: (670) 233-0777
 4  Facsimile No.:  (670) 233-0776                    for the Northern Mariana Islands
    cmtlaw@live.com                                   By_____
 5                                                             (Deputy Clerk)
    Attorney for Plaintiff
 6
                   IN THE UNITED STATES DISTRICT COURT
 7
                   FOR THE NORTHERN MARIANA ISLANDS
 8
    FRANK GIBSON, administrator for the    CIVIL CASE NO. 12-CV 12- 0033
 9  Estate of and as the Personal
    Representative for VICENTE IGISOMAR
10  TEBIT and ROES I THROUGH X,            COMPLAINT
11              Plaintiff,                 JURY TRIAL DEMAND
12       v.
13
    HANWA HOTEL & RESORTS Co., Ltd.,
14  SAIPAN WORLD RESORT, WORLD
    CORPORATION, and DOES I THROUGH
15  V,
16              Defendants.
17
```

**COMES NOW**, the Plaintiff, Frank Gibson, administrator for the Estate of and Personal Representative for Vicente I. Tebit, by and through counsel, and alleges as follows:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended, Title I and IV of the Americans With Disabilities Act of 1990 and the Family Medical Leave Act to correct unlawful employment practices on the basis of race, national origin, color, disability, medical leave and retaliation. Vicente I. Tebit ("Mr. Tebit" or "Tebit") alleges that Hanwa Hotel &

1

Resorts Co., Ltd., Saipan World Resort, and World Corporation ("Defendants") subjected him to discrimination on the basis of race, national origin, color, disability, medical leave and retaliation.

## JURISDICTION AND VENUE

1. The United States District Court for the Northern Mariana Islands is the proper venue for this action pursuant to 28 U.S.C. §§ 1331, 1343, 1391 (b)(1) and (b)(2), because this is the District in which Mr. Tebit resided and in which a substantial part of the events or omissions giving rise to the claims occurred.

2. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), 42 U.S.C. § 1981, Title I and IV of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12111-12117, 12201-12213 and ("ADA") and the Family Medical Leave Act, 29 U.S.C. §§2601-2654 ("FMLA").

3. All conditions precedent to the institution of this lawsuit have been fulfilled.

4. On or about January 11, 2012, Mr. Tebit filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendants.

5. On or about September 26, 2012, the EEOC issued a Notice of Right to Sue the Defendants based on the Charge of Discrimination to Mr. Tebit.

6. On or about November 30, 2011, Mr. Tebit made a complaint to the US Department of Labor.

7. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of the Northern Mariana Islands.

## **PARTIES**

8. At all times relevant hereto, Mr. Tebit resided in the CNMI and is a citizen of the United States.

9. Mr. Tebit was employed by or suffered to work for Defendants.

10. Mr. Tebit passed away on February 27, 2012.

11. On December 4, 2012 the Court granted Frank Gibson as Administrator of the Estate of Mr. Tebit.

12. Frank Gibson has authority to pursue the claims on behalf of the Estate of Mr. Tebit.

13. At all relevant times, Defendant, Hanwa Hotel and Resorts Co., Ltd. was a corporation organized under CNMI law doing business in the CNMI and in the jurisdiction of the United States District Court of the Northern Mariana Islands.

14. At all relevant times, Defendant, Saipan World Resort was a corporation organized under CNMI law doing business in the CNMI and in the jurisdiction of the United States District Court of the Northern Mariana Islands.

15. At all relevant times, Defendant, World Corporation was a corporation organized under CNMI law doing business in the CNMI and in the jurisdiction of the United States District Court of the Northern Mariana Islands.

16. At all times relevant hereto, Defendants were employers within the meaning of Title VII, the ADA and the FMLA.

17. At all relevant times, Defendants continuously employed fifteen (15) or more persons.

18. At all relevant times, Defendants continuously engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

19. Mr. Gibson is ignorant of the true names and capacities of Plaintiffs named as Roes I through X inclusive. Therefore, said Plaintiffs sue Defendants by such fictitious names. Mr. Gibson reserves the right to amend the complaint to name the Roe Plaintiffs as they become known. Mr. Gibson alleges that each of the Plaintiffs named as Roes I through X are the heirs or lawful representatives of heirs of Mr. Tebit and Mr. Gibson will amend the complaint to allege such responsibility when Mr. Gibson has ascertained the identity of the Roe Plaintiffs.

20. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does I through V, inclusive. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

21. It is further alleged on information and belief that the named and unnamed Defendants in this complaint are alter egos, joint employers, and/or integrated enterprises of each other.

22. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as successor, agent, employee, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also

be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

## COUNT I

## FAMILY MEDICAL LEAVE VIOLATION

23. The allegations contained in Paragraphs 1 through 20 are hereby incorporated by reference.

24. Mr. Tebit was a full-time employee who Defendants employed for over one year.

25. On or about May 2004, Defendants hired Mr. Tebit as a Special Projects Assistant.

26. During the course of his employment, Defendants promoted Mr. Tebit from Special Projects Assistant to Assistant Human Resources Manager.

27. On or before August 2010, Mr. Tebit's wife was diagnosed with cancer and needed medical treatment in Honolulu, Hawaii.

28. On or about August 2010, Mr. Tebit applied for 21 days of personal/vacation leave and 43 days of leave under the FMLA to accompany his wife to Honolulu, Hawaii for medical treatment.

29. On or about August 2010, after Mr. Tebit applied for leave, Defendants told Mr. Tebit to resign in order to protect his job.

30. Human Resources Manager, Miriam Seman, Director of Administration, Jake,

and Special Project Manager, Jun Ham, promised Mr. Tebit that Defendants would reinstate him to his position upon returning from Hawaii.

31. In reliance on Defendant's promises and at their direction, Mr. Tebit submitted a resignation letter effective September 9, 2010.

32. Mr. Tebit informed Defendants that he would return from Hawaii after his wife's medical treatment and intended at that time to return to his prior position.

33. Defendants reassured Mr. Tebit that his job would be here for him upon his return.

34. Upon returning from Hawaii, on or about February 7, 2011, Mr. Tebit met with the General Manager, Myung Wook Park regarding his re-employment.

35. On or about February 7, 2011, General Manager, Myung Wook Park told Mr. Tebit to meet with Human Resources Manager, Miriam Seman to get an application for employment as Assistant Human Resources Manager.

36. On or about February 7, 2011, Mr. Tebit met with Human Resources Manager, Miriam Seman to get an application to be reinstated to his position as Assistant Human Resources Manager.

37. On or about February 7, 2011, Defendants informed Mr. Tebit that Defendants had hired Jun Ham as the Assistant Human Resources Manager.

38. On or about February 8, 2011, Mr. Tebit submitted his completed employment application for Assistant Human Resources Manager.

39. On or about June 8, 2011, Defendants sent Mr. Tebit a letter stating that they did not have plans to hire additional staff on the Human Resources team in the immediate future.

40. Defendants informed Mr. Tebit that they would keep his application on file in case the position became available.

41. On or about October 27, 2011, the Assistant Human Resources Manager position became available.

42. Defendants did not inform Mr. Tebit that the position became available again.

43. Defendants denied Mr. Tebit the FMLA leave he requested.

44. Defendants retaliated against Mr. Tebit by constructively terminating him for attempting to exercise his FMLA rights.

45. Defendants refused to restore Mr. Tebit to the same or equivalent position upon his return, in violation of the FMLA.

46. As a result of Defendants' actions, Mr. Tebit has suffered irreparable injuries, including but not limited to emotional distress, loss of pay, benefits and other economic losses and interest for all of which he should be compensated.

**COUNT II**

**DISABILITY DISCRIMINATION**

47. The allegations contained in paragraphs 1 through 44 inclusive are hereby incorporated by reference.

48. At all relevant times, Mr. Tebit was capable of performing the duties of Assistant Human Resources Manager at the Defendants' facilities.

49. Defendants constructively terminated Mr. Tebit because of his relation to a person with a disability.

50. Mr. Tebit's constructive termination was not based on any medical justification and was discriminatory as to Mr. Tebit.

51. Upon returning from Hawaii, Mr. Tebit attempted to be restored to his previous position as Assistant Human Resources Manager at the Defendants' facilities.

52. During such time, Defendants continually, intentionally, and in a discriminatory manner refused to allow Mr. Tebit to return to his former position because of his relation to a person with a disability.

53. Defendants did not rehire Mr. Tebit because of his relation to a person with a disability.

54. Such adverse employment actions by Defendants were in violation of the ADA.

55. Following Defendants' termination of Mr. Tebit, Mr. Tebit was replaced by a non-disabled individual.

56. As a result of Defendants' actions, Mr. Tebit has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, and other compensatory damages for all of which he should be compensated.

## COUNT III

**DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN**

57. The allegations contained in paragraphs 1 through 54 inclusive are hereby incorporated by reference.

58. Since at least August 2010, Defendants engaged in unlawful employment practices and in a pattern of such practices in violation of Title VII, 42 U.S.C. § 2000e-2.

59. Mr. Tebit is Carolinian.

60. Defendants' management team was predominantly Korean.

61. Defendants favored employees who were Korean.

62. Defendants discriminated against Mr. Tebit by convincing him to resign.

63. Defendants did not ask any employees other than Mr. Tebit to resign when they requested to take leave.

64. Defendants discriminated against Mr. Tebit by not hiring him upon his return as promised.

65. Defendants hired a Korean woman for the position of Assistant Human Resources Manager instead of reinstating Mr. Tebit to his position.

66. Defendants certified that there was no qualified US citizen available to take the job of Assistant Human Recources Manager.

67. Mr. Tebit was a US citizen qualified for the job.

68. The only difference between Jun Ham and Mr. Tebit was Mr. Tebit's national origin.

69. Defendants subjected Mr. Tebit to unwelcome discrimination based on his race, national origin and color.

70. The discrimination complained of affected a term condition and privilege of employment.

71. Defendants knew or should have known of the discrimination in question and failed to take prompt remedial action.

72. The effect of the practice complained of above has been to deprive Mr. Tebit of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, national origin and color.

73. The unlawful employment practices complained of above were intentional.

74. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Tebit.

75. As a result of Defendants' actions, Mr. Tebit suffered irreparable injuries, including but not limited to emotional distress, loss of pay, benefits and other economic losses, and other compensatory damage for all of which he should be compensated.

### PRAYER FOR RELIEF

**WHEREFORE**, Mr. Tebit respectfully prays to this Court as follows:

A. Order Defendants to make whole Tebit by providing him appropriate back pay with prejudgment interest, and front pay in amounts to be determined at trial, and/or other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

B. Order Defendant to make whole Tebit by providing him compensation for past and future nonpecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

C. Order Defendant to pay Mr. Tebit punitive damages for its malicious and/or reckless conduct as described above, in amounts to be determined at trial;

D. For special and compensatory damages according to proof;

E. For reasonable attorney's fees incurred and costs of suit incurred;

F. For Liquidated Damages; and

G.  For such further relief as the court may deem proper.

Submitted this 21st day of December, 2012.

                                               THOMPSON LAW OFFICE, LLC

                                     By:    */s/ Colin M. Thompson, Esq.*
                                                        **COLIN M. THOMPSON**
                                                        Attorney for Plaintiffs